### H. A. Brower v. Charles Timreck.
#### No. 12,923. (71 Pac. 581.)

Error from Wyandotte district court; E. L. Fischer, judge. Opinion filed February 7, 1903. Affirmed.

*Frank P. Sebree*, *W. F. Evans*, and *J. D. Wendorff*, for plaintiff in error.

*C. W. Trickett*, and *C. R. Cooksey*, for defendant in error.

*Per Curiam:* Charles Timreck sued H. A. Brower in the Wyandotte county district court on account of an injury received by him while in the employment of defendant assisting in the operation of a stave-planer, the liability of defendant being predicated upon negligence in failing to provide sufficient light to enable the plaintiff to avoid injury, in not warning plaintiff of the dangerous character of the machinery, and in setting plaintiff to cleaning out shavings from the machinery without stopping it. The defendant answered with a general denial and allegations of contributory negligence and assumption of risk. A jury trial was had, resulting in a verdict for plaintiff for $2000, upon which the court rendered judgment, which the defendant now seeks to reverse. No special findings were made. Under the general denial the defendant sought to show that plaintiff was not employed by defendant, but by one W. W. Weir, who was an independent contractor, for whose negligence defendant was not liable, and the chief contention of plaintiff in error is that there was no evidence to sustain a finding to the contrary.

There was evidence that the defendant, H. A. Brower, was the owner and operator of a cooperage plant, doing business under the name of the "Kansas City Cooperage Company"; W. C. Blondell was his general superintendent; in the building in which the plant was located there was conducted by W. W. Weir, either as a foreman of the defendant, as plaintiff claims, or as an independent contractor, as defendant claims, a special department; it was operated by means of machinery owned by defendant and forming a part of the plant, run by the defendant's engines the same as his other machinery; it was not in any separate room or in any way divided off from any other department; on Friday, September 28, 1900, plaintiff, then twenty-two years of age, applied to Weir for work and was employed on that day, and on the next day, and on the following Monday, in hauling staves to the planer. the machine on which he was afterwards injured; he did not work after Monday until the succeeding Friday, when he was again employed and set to work running staves through the planer; this planer had a table some 3 feet high, about 12 inches wide and 34 inches long, the staves being fed from one end to the other; it was furnished with two sets of knives, one set for planing the top of the staves being above the table and about a foot from the end from which the feeding was done, the other for planing the under side of the staves, located under the table about a foot from the other end; the two sets of knives could be operated together or one set could be operated separately; when the planer was at work the shavings would accumulate under the table and had to be cleaned out; the person operating the planer and the person receiving the planed staves were instruct d to clean out the shavings, each from his own end; on Friday plaintiff fed the staves through the planer, one Sid Van Dine receiving them at the other end; on Saturday morning the positions of the two were reversed, Van Dine feeding and plaintiff receiving; the planer was located in a part of the room where there was but little light; plaintiff did not know that there were any knives under the table; his attention had not been called to them and he had not seen them; he had been working about thirty or forty minutes when it became necessary to clean out the shavings; plaintiff had reached under the table to take them out, when the lower knives came in contact with his arm and cut it off above the wrist.

The first specification of error presented is that the trial court erred in overruling an objection to the introduction

of testimony for the reason that the petition failed to state facts sufficient to constitute a cause of action. The contention is that the objection should have been sustained because the petition did not allege that plaintiff was employed by defendant. It is true that the petition failed to allege this in set terms. The formal allegation in this regard is "that one Van Dine was employed by said defendant and was in charge of said machine operating the same, and that the plaintiff herein was employed to take and carry away the staves after they had been planed." It is distinctly alleged, however, that defendant was the owner and operator of the cooperage plant; that the machine referred to in the above quotation was in the plant; that Weir was the foreman of the department and that plaintiff was required to obey Weir's orders. No demurrer was filed to the petition. A motion was filed asking that it be made more definite and certain in other respects, but not referring to this feature of it. Under these circumstances we cannot say that it was error to overrule the motion.

The principal contention of plaintiff in error is that there was no evidence that plaintiff was in the employment of defendant. The defendant introduced considerable evidence tending to show that Weir was an independent contractor, paid by defendant upon the basis of the work done by him and by the men employed by him upon defendant's machinery, the defendant reserving to himself no control whatever as to the manner of doing the work. It is not necessary to determine whether this theory could be made to harmonize with the admitted or undisputed facts of the case. Under circumstances very similar to those claimed by defendant to exist in this case it was held that the owner of the plant was liable in *Nyback v. Champagne Lumber Co.*, 48 C. C. A. 632, 109 Fed. 732, and in *Andrews Bros. Co. v. Burns*, 22 Ohio Cir. Ct. R. 437.

The only pertinent inquiry here is whether there was any evidence from which the jury could find against such theory, and that Weir was merely a foreman of defendant. The defendant testified in his own behalf, his evidence supporting the claim that Weir was an independent contractor. Upon cross-examination, he testified that he insured his employees against accidents, and that the insurance company employed the lawyers and defended this case. Objections were made to this testimony as incompetent, irrelevant, and immaterial. We think under the circumstances it was admissible, and that it fairly tended to contradict the claim of defendant and to show that plaintiff

was in fact the employee of defendant.   Again, the defendant's pay-rolls for the week ending October 6, the day of the injury, show the name of Sid Van Dine, who was working with plaintiff at the planer at the time it occurred, and who the day before had been doing the very work in the performance of which defendant was hurt.   Defendant seeks to escape the obvious force of this fact by the claim that Van Dine worked for him in the earlier part of the week, but was employed by Weir on Friday and Saturday, and that his name appeared on the pay-rolls only in virtue of the work he had done that week prior to Friday.  · But this pay-roll shows Van Dine credited with fifty hours' work, and we think the jury would be justified in inferring that he did not perform all of this between Monday morning and Thursday night.   There is also some evidence that hands in Weir's department were paid by defendant, and that defendant's superintendent gave orders to them, as well as other evidence more or less directly tending in the same direction.   We conclude that the court properly submitted to the jury the question as to whether plaintiff was in the employment of defendant and that there was sufficient evidence in this regard to sustain the verdict.

It is further contended that there was no negligence on the part of defendant in failing to inform plaintiff of the danger, it being claimed that there was no showing that defendant knew of plaintiff's ignorance of the danger. We think the jury were justified in considering the danger a latent one, and that this branch of the case falls within the same rule as *Mirick v. Morton*, 64 Pac. (Kan.) 609.

We do not think the other assignments of error require discussion.

The judgment of the district court is affirmed.