The Atchison, Topeka & Santa Fe Railway Company v. H. C. Weikal.

No. 14,493.   (84 Pac. 720.)

Railroads—*Injury to Employee—Assumption of Risk.* Under the facts it was held that plaintiff, who was a machinist's helper and was injured by a chip which flew from a steel chisel, assumed the risk of his employment; and as he was a man of maturity and intelligence, who knew the danger, the omission to warn him thereof was not culpable negligence.

Error from Kingman district court; Preston B. Gillett, judge. Opinion filed February 10, 1906. Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*C. W. Fairchild,* for defendant in error; *J. F. Conly,* of counsel.

*Per Curiam:* While H. C. Weikal was helping Walter Moyer, a machinist, to furrow out a key-seat in a steel shaft of hoisting machinery at a coal-chute he was struck in the eye by a chip which flew from the chisel, and which destroyed the sight of the eye. It occurred in the night-time, while Weikal was holding a torch for the machinist. He charged that suitable light was not furnished; that the tools used were defective; that the machinist was negligent in the use of the tools; that the place was not a suitable one in which to work; and that he was not warned of the danger to which he was exposed.

The plaintiff's testimony does not establish liability. The machinist was competent, and there was no defect in the tools used. It was a proper place to do the work, unless the light was insufficient, and it does not appear that the absence of better light affected the case. Weikal relied principally upon the failure of his employer to instruct or inform him of the danger

of working in that place. This omission cannot under the circumstances be regarded as culpable negligence of the railway company. He was a young man of intelligence and experience who had worked at that place for some time, and had been a helper for machinists for months, and the fact that chips or particles of steel would fly from a chisel could not have escaped his observation. In fact the testimony presented by him was to the effect that in cutting steel with a chisel chips fly in every direction. It is claimed that he did not appreciate the danger of working in that particular place at that time. He had worked on that job, however, the afternoon preceding the night of the injury. During the afternoon he used the sledge-hammer and struck the chisel which was held by the machinist most of the time. At night Moyer used the chisel and small hammer while Weikal stood behind him with the torch. The position occupied by Weikal at night was no closer to the work nor to danger than the one he was in during the day. The chips are said to have struck a gearing and rebounded, but it was not practicable to use a screen or other protection, and the gearing was in the same position at night that it was during the day. The danger from the flying chips was not latent, and there was neither immaturity nor lack of intelligence to prevent Weikal from comprehending the obvious risks of the work. It did not require any warning to acquaint him with the fact that chips would fly, and the testimony which he offered showed that any one of ordinary intelligence could not have failed to understand the risk. There was danger in the work, it was true, but it was an ordinary hazard of the business—one which was open and obvious, and which Weikal must be held to have assumed.

As the testimony did not show liability the judgment is reversed, and the cause remanded for further proceedings.