No. 31,094.

DELLA SCHMELING, *Appellant,* v. THE F. W. WOOLWORTH COMPANY, *Appellee.*

(21 P. 2d 337.)

Opinion filed May 6, 1933.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellant.

*J. E. McFadden, O. Q. Claflin,* both of Kansas City, *O. C. Mosman, Clay C. Rogers* and *Paul A. Buzard,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover damages at common law for personal injuries sustained while the plaintiff, as a saleswoman, was in the employ of the defendant at its five- and ten-cent store in Atchison.

The real question involved is whether the defendant was by election operating under the workmen's compensation law at the time of the accident, it being conceded that the defendant belonged to the nonhazardous class as defined by that law.

The answer admitted the employment of the plaintiff and that it maintained a mercantile business at Atchison, as alleged, but denied all other allegations of the petition, and then pleaded that on March 6, 1928, more than three years before the time of the accident, the defendant had filed of record in the office of the commissioner of workmen's compensation of the state of Kansas, at Topeka, its election to come within the provisions of the workmen's compensation law of this state and has at no time since filed a withdrawal therefrom, and it has been regularly since that time operating under the provisions of that law, and the plaintiff has never filed a declaration not to come within the provisions of the law. Defendant further alleged that plaintiff had regularly for eight weeks after the accident received a compensation each week of sixty per cent of her weekly wage.

Plaintiff filed a reply denying that she ever had notice or knowledge of the election of the defendant to come under the compensation law, and that R. S. 1931 Supp. 44-505 and 44-542 are unconstitutional, as being in violation of sections 1 and 18 of the bill of rights of Kansas and the fourteenth amendment to the constitution of the United States.

A demurrer to the reply and a motion for judgment for defendant

on the pleadings were filed but no action was taken on them, but on the suggestion of the court a preliminary hearing was held without a jury to determine whether the parties were or were not operating under the compensation law.

The court placed the burden upon the defendant and heard the evidence offered by both parties and found that the defendant's election to come under the compensation law was valid, sufficient and effectual and that the challenged sections of the compensation law are constitutional and that the plaintiff's action should be dismissed for want of jurisdiction, but without prejudice, and it was so ordered. From this ruling the plaintiff appeals, assigning error in the ruling because the attempted election was defective and not binding, that it was not filed in the proper office, that it was rendered ineffectual by subsequent changes in the law, and that no notice of such election was given to plaintiff, and if no notice was intended by the statute it is unconstitutional.

The objections noted to the form and filing of the document signed by defendant for its election to come under the act are as follows:

"An examination of this document shows that it was executed and acknowledged in New York. It is addressed to the 'Commissioner of Compensation.' (No mention of Kansas.) States that Woolworth Company elects to come within 'chapter 232, Laws of 1927.' (No mention of Kansas.) States that it is of New York City, and is 'engaged in operating five and ten cent stores in Kansas.' (No mention of Atchison.) Both the city and county are crossed out from the form. Exhibit 3 of defendant has no place of filing, or showing by whom filed."

It is further claimed the election paper or document was not filed with the proper officer, there being a confusion of names in the statute between commission, commissioner, workmen's compensation commission, commissioner of compensation and others. None of the omissions or defects pointed out by appellant are of a misleading or serious nature, and certainly the exhibit which is set out fully in the abstract readily conveys the information intended as well as the information prescribed by the statute.

"Notice required to be given to the designated state official is not required to be in any precise or technical form, and does not need to be evidenced with the same formality as a deed or other instrument which transfers property." (28 R. C. L. 735.)

As to the confusion of names of officers, the legislature took care of that matter by section 33 in chapter 232 of the Laws of 1927,

now R. S. 1931 Supp. 44-548, by explaining therein the reference in the law itself to the different names of officers and their connection with a commission or department.

The next point raised to show the election document to be insufficient is the fact that the law had been twice amended before this accident, and *Railway Co. v. Fuller*, 105 Kan. 608, 186 Pac. 127, is cited as showing the effect of an amendment on the situation of an earlier election to come or not to come under the law. In that case an employer had elected under the 1913 law, chapter 216, not to come under the law, and by the enactment of the 1917 law, chapter 226, where the entire law was reënacted, making radical changes, it was held he was placed under the law by the act itself regardless of his former election. This would have been very appropriate if any substantial changes had been made in the law after the election made by the defendant in this case. However, chapter 206 of the Laws of 1929 made no change in the law except in section 42, which concerned the taking of appeals, and the only change made by the 1931 law, chapter 217, was to amend section 10, which prescribed the rate and amount of compensation to be allowed—nothing in either to disturb or disarrange the election attempted to be made by the defendant in this case in 1928.

Appellant claims that the statute requires notice to be given. If not, then it should be read into the statute as an intended part of it by proper construction, and, if it is neither in it now nor properly read into it, then it is unconstitutional. R. S. 1931 Supp. 44-505 distinguishes between the employments defined as hazardous and nonhazardous, placing automatically under the operation of the law all employers engaged in the hazardous group and giving to the employers in the nonhazardous class the privilege of electing to come in under the operation thereof, if they so desire, and specifying how they shall make such election, viz., "by filing with the commission a written statement of election to accept thereunder." Then immediately follows this statement, "and such election shall be effective when so filed." The closing part of the section provides for withdrawals.

R. S. 1931 Supp. 44-542 is the one in particular that appellant says requires the posting or giving of notice by one electing to come in, or such requirement should be read into the statute, or if not either, then the section and also R. S. 1931 Supp. 44-505 must be declared unconstitutional. R. S. 1931 Supp. 44-542 is as follows:

"Every employer entitled to come within the provisions of this act, as defined and provided by this act, shall be presumed to have done so, except such employers privileged to elect to come within the provisions of this act, as hereinbefore provided, unless such employer shall file with the commissioner a written statement that he elects not to accept hereunder, and thereafter any such employer desiring to change his election shall only do so by filing a written declaration thereof with the commission. Notice of such election shall forthwith be posted by such employer in conspicuous places in and about his place of business."

Appellant reasons that an employer in a nonhazardous business is, in the language of the statute, "entitled to come within the provisions of this act," and therefore is not in the exception noted in the clause immediately following; also, that being in the class privileged to remain out or come in such cannot be any longer privileged after deciding to come in, and therefore is not within the exception. These terms are naturally used to describe the status of the employers before any steps are taken by them to change their situation. We think all of both classes, hazardous and nonhazardous, are "entitled to come within," but they are not all privileged. All the first group are presumptively in or brought in by direct legislation, whether they wanted to be in or not. The nonhazardous are "privileged to elect" and are excepted from the general provision of the section, or the exception clause would be useless and serve no purpose. We must assume the legislature intended to except some parties by the insertion of this exception clause, and since the nonhazardous class is the only class that is privileged, the use of the term "employers privileged to elect" meant all employers in the nonhazardous class just as much as if it had used the term, nonhazardous class.

This class is therefore specifically excepted from the requirements of section 44-542, and they are not required by this section to post notices, as others are. This is quite in harmony with the provision heretofore quoted from R. S. 1931 Supp. 44-505, that the election by an employer of the nonhazardous class "shall be effective when so filed."

Another strong reason in favor of this construction is that there was no such exception made in the 1917 law, chapter 226, and it must be presumed the legislature purposely intended to except this class in the law of 1927, chapter 232.

"When a statute is revised, some parts being omitted, the omitted parts are not readily to be supplied by construction, but are ordinarily to be considered as annulled." (*Hauserman v. Clay County,* 89 Kan. 555, syl. ¶ 1, 132 Pac. 212.)

"The fact that two laws passed at different sessions of the legislature are reënacted in a later revision of the statutes does not preclude resort to the history of the acts or the use of any other proper rule of construction to determine the legislative intent, where a claimed right or authority does not clearly appear in the laws as set forth in the revision." (*Chicago, R. I. & P. Rly. Co. v. Nichols,* 130 Kan. 509, syl. ¶ 2, 287 Pac. 262.)

But appellant suggests this history can only show the intent of the legislature when the new law is an amendment of the old law and not when the new law is a complete revision of the old, but the last case above cited is a direct refutation of that claimed limitation.

Appellant claims notice is necessary to the validity of the law because it has been held the compensation law is virtually a contractual relationship and necessarily implies notice for the purpose of knowledge, and in the same connection admits a notice is not necessary as to the hazardous class, being placed within the act directly by legislation and without any choice. It has been held in several Kansas cases that the statute is a part of the contract between the employer and employee under the compensation act. Both parties must take notice of the law and its provisions. As to the hazardous class, the statute as part of their contract requires neither filing nor notice in the first place. As to the nonhazardous, the statute is a part of their contract and the employer is in under the law when he files his election, and the law says it is effective when he so files, and requires no notice. The employee knows that a filing is all that is necessary to effect a change and is therefore put upon his inquiry to learn of a possible change. An inquiry at the office where he gets his check for services is both natural and convenient, and, if misinformed, he would doubtless be protected later. He also has the sure source of reliable information at the office of the commission at the state capitol where the filing must be made.

" 'Notice,' in its legal sense, may be defined as information concerning a fact actually communicated to a person by an authorized person, or actually derived by him from a proper source, or else presumed by law to have been acquired by him, which information is regarded as equivalent in its legal effects to full knowledge of the fact, and to which the law attributes the same consequences as would be imputed to knowledge." (46 C. J. 538.)

Are these two sections, 44-505 and 44-542, unconstitutional? Do they deprive the plaintiff of life, liberty or property without due process of law, or deny her or any person the equal protection of the law?

Appellant cites *Gilmore, County Clerk, v. Hentig*, 33 Kan. 156, 5 Pac. 781, where a property owner sought to enjoin the county clerk and county treasurer from collecting a sewer tax, and it was held:

"Where a statute authorizes a city to provide for the construction of sewers and drains, and to tax the costs thereof upon the adjacent property owners, but does not require that any notice shall be given to the property owners, *held*, that such failure to require notice does not render the statute unconstitutional, or void; but notice must nevertheless be given, and the city would have a broad discretion with reference to the kind of notice, and the manner of giving the same." (Syl. ¶ 4.)

Appellant also cites *Hill v. Johnson County*, 82 Kan. 813, 109 Pac. 163, where it was held in an injunction action against the county board that the rock-road law was not unconstitutional because it omitted to provide for a preliminary notice to the property owners. In the opinions in both cases it was held a notice should have been given, that it was implied by the statute although not strictly required. Both these cases have reference to the duties of county officers and in the opinions the duty of notice is emphasized although not specifically required.

The case of *Railroad Co. v. Abilene*, 78 Kan. 820, 98 Pac. 224, cited by appellant, involved the right of a city to adopt the front-foot rule for apportioning benefits accruing to property owners, including street-sprinkling benefits, without affording the property owners an opportunity to be heard, and it also involved the question of delegation of legislative authority, and the act was held to be in violation of the fourteenth amendment.

Two cases cited by appellant may be for the purpose of distinguishing, but both uphold the constitutionality of the acts involved. They are *Railway Co. v. Railway Commissioners*, 85 Kan. 229, 116 Pac. 896, and *Balch v. Glenn*, 85 Kan. 735, 119 Pac. 67. The former held the law constitutional which failed to require a notice to be given a railroad company before the railway commission ordered terminal facilities. The latter held the statute for the extermination of orchard pests to be valid and constitutional as against the fourteenth amendment where it permitted the officer to destroy the trees belonging to a landowner and levy a lien on his property for the expense thereof, all without notice of any kind.

This court held the workmen's compensation law to be constitutional and not in violation of the provisions of the fourteenth

amendment in the following three particulars: In *Potican v. Hamilton Coal and Mercantile Co.*, 120 Kan. 326, 243 Pac. 537, that the limitation upon the right to an appellate review was not a denial of due process or equal protection. In the case of *Smith v. Packing Co.*, 115 Kan. 874, 225 Pac. 110, it was upheld against an attack as to the schedule for injuries and the necessary inequality thereof and as to damages otherwise obtainable. In *Hovis v. Refining Co.*, 95 Kan. 505, 148 Pac. 626, it was upheld in giving certain defenses to employers within the act that were denied to those not within it. In this case it was said in the opinion:

"We do not see how this provision of the law in any way violates any part of the constitution of the state of Kansas or of the United States. It is a matter clearly within the province of the legislature. Industrial conditions have become such that legislation upon the subject is an imperative necessity. No constitutional provision prohibits it." (p. 512.)

We conclude that neither of the sections above noted is unconstitutional or void as being in violation of the provisions of the fourteenth amendment of the constitution of the United States or in violation of sections 1 and 18 of the bill of rights of the state of Kansas, because they omit a requirement that employers of the nonhazardous class, privileged to elect to come within the provisions of the workmen's compensation law, give notice of their election.

No ruling seems to have been made by the trial court on the question of waiver and it will therefore need no consideration here.

We think the ruling of the trial court in dismissing without prejudice the plaintiff's cause of action for want of jurisdiction was correct.

The judgment is affirmed.