No. 31,418

HARVEY J. HARPER, *Appellant*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellee*.

(28 P. 2d 972.)

Opinion filed January 27, 1934.

*Frank J. Horton,* of Goodland, and *A. M. Etchen,* of Kansas City, for the appellant.

*Luther Burns, J. E. DuMars,* both of Topeka, and *E. E. Euwer,* of Goodland, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to recover damages under the federal employers' liability act. Harvey J. Harper was an employee of the C. R. I. & P. Rly. Co., an interstate railway operating through several states. He was a section man and worked on a section which had its headquarters in Kanorado and included a track extending into both Kansas and Colorado. The track gang worked in pairs, and on August 14, 1931, Harper and a coemployee named Harold Ingram were engaged in taking out old and defective ties and replacing them with new ones, one of them using a pick to loosen the gravel, chat or ballast, in order to remove the old tie, and the other using a shovel for moving the loosened ballast. While so engaged, Ingram using the pick and Harper the shovel, Ingram struck a blow with the pick which caused a piece of chat or gravel to fly out and strike the plaintiff in his right eye, which was so bruised and infected that it had to be removed on August 29, 1931. It is alleged that the work was done carelessly and negligently, which entitled the plaintiff to maintain an action against the company for the injury sustained.

In his petition plaintiff, after stating the occurrence of the accident, alleged in substance that while engaged in the regular course of his duties in cleaning out with a shovel a place where an old crosstie had been removed, so that a new crosstie could be laid under the rails in its place, his coworker, carelessly and negligently and without warning, struck a pick into the chat or gravel of the roadbed, precipitating a piece of chat, or gravel, which struck plaintiff's right eye. He further alleged that while he was so at work he was in a position of peril, and that Ingram, by the exercise of ordinary care, should have known that when he struck a pick into the chat or gravel it would cause injury.

In its answer the railway company states that Harper was experienced in the work in which he was engaged at the time of the injury, and that the risks as stated by plaintiff were well known to plaintiff and incident to his employment. Further, the plaintiff knew of the conditions surrounding his employment and the work upon which he was engaged, and by the exercise of care on his part he knew or could have known of the dangers to which he was exposed and thereby assumed the risks of the employment. Defend-

ant added, also, that the accident resulted solely and proximately through the want of ordinary care on the part of plaintiff himself.

Upon the evidence submitted on the issues so formed by plaintiff, defendant interposed a demurrer to the evidence upon the principal ground that it and all inferences properly deducible therefrom failed to show a cause of action in favor of plaintiff and against defendant. The demurrer was sustained, and the plaintiff brings the case here upon appeal.

The main question raised is whether by the character of the work and the way it was conducted, in which the plaintiff was injured, the defendant became liable for damages by reason of negligence of a coemployee, or whether under the federal employers' liability act the risk of the employment was assumed by the plaintiff. Under the federal act an employee ordinarily assumes the usual and obvious risks incidental to his employment, and the assumption of the usual risks of his employment is ordinarily not a jury question. It is a matter of law. (*Lively v. Railway Co.*, 115 Kan. 784, 788, 225 Pac. 103.)

Only two witnesses were produced by the plaintiff, that is, himself and his coworker. The plaintiff testified in substance that he and Ingram alternated at their work—part of the time he used the pick and part of the time the shovel, and when he used the pick Ingram used the shovel. The plaintiff was using the shovel at the time of the accident, and Ingram the pick. They were replacing an old tie with a new one. He said that Ingram was standing astride the north rail while he was using the pick to loosen the ballast, and plaintiff was astride of the south rail. The rails were four feet and eight and one-half inches apart, and at the time the two workmen were only about two and one-half feet apart. Plaintiff said that Ingram had been using the pick for a time and that he appeared to stop and straighten up as if to rest, and when he stooped over to use the shovel Ingram again struck into the ballast without saying anything to him or giving any warning that he was going to resume the use of the pick, and that a particle of the chat or gravel struck his eye and caused the injury for which the action was brought. At another time in his evidence he said that Ingram seemed to stop to get his breath or to rest before plaintiff leaned over to use the shovel, when Ingram resumed his work and the fragment struck his eye.

Ingram testified that he didn't remember that he stopped to rest and that he was doing his work in the usual way, but did say that

he might have done so. He stated that before starting to use the pick, if the coworker was too close, he would tell him to get out of the way, and that it was the custom that if a coworker was in a place of danger, to give him warning. While the workmen were very close together the pick did not strike or touch the plaintiff. Ingram further testified that to a certain extent the man using the shovel should watch the man handling the pick, and that it was not the custom for the man handling the pick to look around towards the other man every time he drove the pick into the track. He further said that when he actually stopped to rest he would, before starting again, look to see if it was safe to proceed, but that he was unable to recall that he stopped to rest at the time of the injury to plaintiff. He further testified that fragments fly when a pick is struck into the gravel and chat, and that he had been struck frequently by fragments when his coworker was using the pick and he following with the shovel.'

This case having been brought under the federal employers' liability act, the federal rule as to the assumption of risk must be applied. In such a case the defense of assumed risk is permissible, and under that rule the plaintiff assumes the risks ordinarily incident to his employment, and where the risks are open and obvious and can be seen at a glance or are fully known he assumes the extraordinary risks as well. (*Delaware, &c., R. R. Co. v. Koske,* 279 U. S. 7, and cases cited.) Where the facts are disclosed by the evidence of plaintiff, it is ordinarily not a jury question, but is one of law for the determination of the court.

Plaintiff was shown to be a man of mature years and of abundant experience in the work he was engaged in at the time of the injury. He and his coworker admitted that fragments would fly when the pick was driven into the hard ballast of the track, and both had been struck frequently by such fragments. Besides it was a matter of common knowledge that a pick driven against a hard roadbed would cause particles of the ballast to fly around. The work itself was of the simplest kind and the tools used were primitive and simple. It would be hard to find tools or plan of work in any human activity more free from complexity or intricacy than those involved in this case.

In *Darbe v. Crystal Ice & Fuel Co.,* 129 Kan. 727, 284 Pac. 596, involving the simple-tools doctrine, a pair of tongs for handling ice

were said to be not sharp pointed and therefore defective, so that the cake of ice slipped and caused injury. The decision was that:

"The proceedings considered in an action for damages for personal injuries resulting from use of dull ice tongs, and *held,* the tool was so simple and the claimed condition was so obvious that plaintiff, having the experience and capacity for comprehension disclosed by the record, should have known and appreciated the risk." (Syl.)

Where a plaintiff working as the helper of a machinist was injured while holding a torch for the machinist, in that he was struck in the eye by a chip of steel which flew from the chisel used by the machinist, and the plaintiff contended that the failure of the employer to inform him of the danger of the process and of the work at the place was negligence, it was held that the plaintiff was familiar with the tools and place of work, and the fact that chips or particles of steel would fly from a chisel could not have escaped his observation, and that the risk was assumed by plaintiff. (*Railway Co. v. Weikal,* 73 Kan. 763, 84 Pac. 720.)

Plaintiff contends that Ingram was negligent in not having warned him that he was about to use the pick. However, he was in the place he had occupied when Ingram had been using the pick and appears to have remained there until the fragment struck him. Regardless of whether Ingram actually straightened up and momentarily ceased to swing the pick, the plaintiff, who was within two and one-half feet of him, could easily have observed that Ingram was about to swing it again and, as we have seen, the one using the pick was not expected to look about for the shoveler and issue a warning to him every time he swung the pick. The workmen were in such close proximity to each other that if plaintiff had been giving any attention to the work or had exercised any prudence for his own protection, he could not have failed to observe that Ingram was still using the pick.

Under the testimony produced by plaintiff, the risks, such as they were, were incidental to the employment and were assumed by plaintiff. The trial court rightly held that plaintiff had failed to establish a cause of action against defendant, and its ruling sustaining the demurrer to plaintiff's evidence and in giving judgment for defendant is affirmed.

HUTCHISON, J., not sitting.