No. 35,295

HARRY E. BRUBAKER, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

(119 P. 2d 480)

Opinion filed December 6, 1941.

*Charles Stephens* and *Harry L. Porter,* both of Columbus, for the appellant.

*Bruce Hurd, C. J. Putt, Robert M. Clark,* all of Topeka, and *Carl Pingry,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for personal injuries alleged to have been sustained by plaintiff on account of the negligence of a fellow servant. Judgment was for the defendant. Plaintiff appeals.

The petition set out the interstate character of the defendant railway company and that the plaintiff was employed by the defendant as a section hand, and that the members of the crew to which he belonged were engaged in removing from defendant's track old ties and replacing them with new ties; that neither the removal of old ties nor the replacement with new ties was essential for the safe passage of its trains over portions of the track, and that any of defendant's trains could have passed safely over where the old ties had been removed and before new ties had been placed where the old ones had been taken out, without harm to any of its trains, and none of the work being done by plaintiff was in the nature of an emergency in aid of any train service, but was instead the work of placing permanent improvements to add to the usable life of the roadbed during future years, and that only in a very remote sense was plaintiff's work aiding in any transportation business. The petition then alleged that plaintiff was working with a Mexican; that he was injured because of the negligence of the Mexican while plaintiff was working on a tie, when the Mexican swung his sledge

hammer in the direction of the plaintiff, sending some gravel ballast in that direction, striking plaintiff's right eye and permanently ·injuring him, and that because of·this injury he had suffered damages. The petition alleged—

"That plaintiff never elected to come from under the terms of the workmen's compensation law of Kansas, but that long before said date the defendant had duly filed its election with the Kansas workmen's compensation commissioner, in accordance with section 44-542 of the General Statutes of Kansas, 1935, not to operate within the terms of the workmen's compensation act of the state of Kansas and defendant had not been operating under the terms of said act for more than a year.

"That neither the removal of old ties nor the replacement with new ties were essential for the safe passage of its trains over said portions of said track, and that any of defendant's trains could have safely passed over where said old ties had been removed and before new ties had been placed where the old ones had been taken out, without harm or hindrance to any of its trains—none of the work being done by plaintiff being in the nature of an emergency in aid of any train service at or near said time, but was, instead, the work of placing permanent improvements to add to the usable life of said roadbed during the future years and that only in a very remote sense was plaintiff's work aiding in any transportation business, namely, train service several years after such new ties were placed and not of immediate necessity for the accommodation of any trains."

The defendant moved to strike the above language from the petition of plaintiff. This motion was sustained and plaintiff appeals.

It will be noted that under the allegations of the petition the plaintiff was injured by the negligence of a fellow workman. Therefore, if the federal employers' liability act governed the transaction the plaintiff would be met by the rule of assumption of risk and could not recover. (See *Harper v. Chicago, R. I. & P. Rly. Co.*, 138 Kan. 782, 28 P. 2d 972.) The language that was stricken out by the trial court was written into the petition on the theory that it stated a case where the work being done by plaintiff was not of an interstate character — hence, the action was a common law action for damages, and the federal employers' liability act did not apply and the cause of action would not be subject to the defense of assumption of risk.

Our question is then whether a section hand working with a crew of section men replacing ties on a line of track over which interstate as well as intrastate trains run was engaged in interstate commerce.

The theory of the plaintiff is that unless the work being done by him had to do with the movement of a particular train that was moving in interstate commerce, then he was not engaged in inter-

state commerce and did not come under the act. It is not necessary that a railroad employee's work shall be exclusively related to or connected with the interstate commerce to bring him within the federal act. He is held to be within that act even though part of the traffic affected by his labors is intrastate in character. (See *Krouse v. Lowden,* 153 Kan. 181, 109 P. 2d 138.)

This case would appear at first glance to be settled by what this court decided in *Harper v. Chicago, R. I. & P. Rly. Co.,* supra. The plaintiff in that case was a track laborer and was injured by a fellow workman while they were both replacing old ties. Plaintiff points out, however, that the question of whether the plaintiff in that case was not engaged in interstate commerce and hence not under the act was not raised. The action seems to have been brought under the federal employers' liability act.

Plaintiff relies on *Shanks v. Del., Lack. & West. R. R.,* 239 U. S. 556, 36 S. C. 188, where it was stated the true test of employment in such commerce, in the sense intended is, Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?

In *Coil v. Payne, Director General,* 114 Kan. 636, 220 Pac. 172, this court held that a track laborer was engaged in interstate commerce while repairing a track. This court placed the decision upon what was said in *Pederson v. Del., Lack. & West. R. R.,* 229 U. S. 146. In that case the injured workman was about to repair a bridge regularly used in interstate transportation and was carrying from a tool car to the bridge a sack of bolts needed in his work. The decision was placed on the ground that tracks and bridges are as indispensable to interstate commerce by railroads as are engines and cars and must be kept in repair if commerce is to be carried on.

Plaintiff places the burden of his argument in this court on the proposition that the Pederson case was overruled by the Shanks case and that the decision in the Shanks case requires a reversal of this judgment. We have examined these two opinions and cannot find the effect in the Shanks case contended for by the plaintiff. The court said in part:

"Having in mind the nature and usual course of the business to which the act relates and the evident purpose of Congress in adopting the act, we think it speaks of interstate commerce, not in a technical legal sense, but in a practical one better suited to the occasion (see *Swift & Co. v. United States,* 196 U. S. 375, 398), and that the true test of employment in such commerce in the sense intended is, Was the employee at the time of the injury engaged in inter-

state transportation or in work so closely related to it as to be practically a part of it?

"Applying this test, we have held that the requisite employment in interstate commerce exists where a car repairer is replacing a drawbar in a car then in use in such commerce (*Walsh v. New York, New Haven & Hartford R. R.,* 223 U. S. 1); where a fireman is walking ahead of and piloting through several switches a locomotive which is to be attached to an interstate train and to assist in moving the same up a grade (*Norfolk & Western Ry. v. Earnest,* 229 U. S. 114); where a workman about to repair a bridge regularly used in interstate transportation is carrying from a tool car to the bridge a sack of bolts needed in his work (*Pedeson v. Del., Lack. & West. R. R.,* 229 U. S. 146)." (p. 558.)

See, also, *Begley v. Missouri Pac. Rld. Co.,* 128 Kan. 790, 793, 280 Pac. 902.

We have concluded, following the precedents heretofore discussed of this court and of the supreme court of the United States, that the plaintiff was engaged in interstate transportation when he was injured.

The judgment of the trial court is affirmed.