No. 24,778.

J. W. HARDWICK, *Appellee*, v. THE KANSAS CITY RAILWAYS COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Collision—Automobile and Street Car—Verdict Not Excessive*. In an action for damages, the evidence to support a verdict of $3,000 for pain and suffering examined, and no basis compelling a remittitur or reversal for excessive verdict discovered therein.

2. SAME—*No Confession of Error by Appellee's Counsel*. An argumentative but fallacious statement of plaintiff's counsel advanced in support of the judgment considered, and held not to amount to a confession of the error urged by defendant.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 8, 1923. Affirmed.

*E. S. McAnany, M. L. Alden, T. M. Van Cleave, O. L. Miller,* and *C. C. Glandon,* all of Kansas City, for the appellant.

*J. K. Cubbison, William G. Holt,* and *H. G. Pope,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action of tort for injuries sustained by the plaintiff and to his property when his automobile was run into from the rear by defendant's street car.

The plaintiff pleaded divers physical injuries, pain and suffering, loss of time and loss of wages, and other elements of damage including $750 damages to his automobile.

The verdict and certain special findings read:

"We the jury find for the plaintiff and assess his damages at $3,500.

"$3,000 for injury.

"$500 for car."

"8. How much time did the plaintiff lose at the Kansas City Packing Company plant by reason of having been in the collision in question? Answer: Worked all the time there was any work to do. Didn't lose any time. . . .

"9. If you find in favor of the plaintiff, how much do you allow him for loss of time and earnings resulting therefrom? Answer: None. . . .

"10. If you find in favor of the plaintiff, how much do you allow him for pain and suffering? Answer: $3,000."

Judgment was entered thereon for $3,500, and defendant appeals on the sole ground that the verdict of $3,000 for pain and suffering was excessive.

Plaintiff offered testimony tending to show various physical injuries resulting from the collision which, if believed by the jury, would have justified a very substantial allowance of damages, and would likewise justify an allowance for pain and suffering as incidental to such injuries. But the jury made no allowance for physical injuries; and defendant plausibly argues that $3,000 is altogether too much to allow for pain and suffering when the physical injuries which caused such pain and suffering were in themselves too trivial in the jury's opinion to warrant any allowance therefor. There is a look of logic in this contention, but there was also explicit testimony as to the pain and suffering. The plaintiff testified:

"It throwed me over in the seat and jarred me around. Give me an awful jolt. It throwed me over and hurt my back. . . . My back hurts as a result of this accident. . . . This accident affects my back and kidneys. They are sore and painful. Can't lift without pain. . . . I have pain all of the time."

Defendant cites analogous cases where verdicts and judgments of $2,000 to $4,000 for pain and suffering, unaccompanied by any pecuniary loss and unaccompanied by any objective symptoms of in-

Hardwick v. Railways Co.

jury, have been declared to be excessive, and have been set aside or subjected to a remittitur.

Error based on an excessive verdict and judgment is seldom an easy question for an appellate court to solve, and it is peculiarly difficult where the sum allowed is for pain and suffering. Of course rules for dealing with excessive verdicts are not altogether wanting; if on reading the record the conscience of the court is shocked at the verdict, a remittitur or reversal is ordered; but there is no uniform yardstick, no hard and fast rule, by which the excessiveness of a verdict can be measured and determined as in ordinary mathematical calculations. In this case, when we give full credence to the plaintiff's testimony touching his pain and suffering, as we are bound to do because the jury gave it such credence, the verdict and judgment are not so large as to produce such psychological reaction on the judicial conscience as to impel it to order a reduction or reversal. In the brief of appellee there is the following curious statement:

"Second, a short history of the street railway company, as having a bearing upon why the jury rendered a verdict for $3,000 for plaintiff's injuries, and the effect of the various receiverships in the making up of that verdict, might be of interest. Defendant street railway went into the hands of receivers the first time on June 3, 1911. In the year 1914 said receivers were discharged and the street railway reorganized under the name of the Kansas City Railways Company, and judgments against the old company, The Metropolitan Street Railway Company, were only worth about 60 cents on the dollar. The present company, The Kansas City Railways Company, went into the hands of receivers October 27, 1920, and is still in the hands of receivers, and in a suit now pending against the defendant herein in the Federal Court at Kansas City, Missouri, the bond holders and the receivers are taking the position that said bonds of over $30,000,000 are ahead of any personal injury judgments, and if such contention be sustained then the judgment in the case at bar will not be worth anything. All of the above facts are well known to the public and to the courts, and no doubt the jury took the same into consideration, and they figured that any judgment rendered by them, would in all probability be worth little if anything, in the end."

Does this statement confess the error urged by appellant? A majority of the court holds that it does not. It would hardly do to penalize a litigant for every fallacy uttered by his advocate. The record does not disclose any fact which could be the basis for this gratuitous statement of counsel. Moreover, it does not appear that any such suggestion was broached in the district court, and how can we now say to that court that it committed an error for the reason

suggested in the statement of counsel for appellee? The trial court cannot commit error in any matter not fairly presented to it for determination.

The judgment is affirmed.

DAWSON, J. (dissenting): The record, special findings, and the statement of plaintiff's counsel, considered together, leave no doubt in my mind that the verdict was excessive. I therefore dissent.

BURCH, J., joins in this dissent.