No. 26,140.

CLEM BLACKMAN, by His Father and Next Friend, C. E. BLACK-MAN, *Appellee*, v. J. W. HONER, Administrator of the Estate of C. J. HONER, Deceased, *Appellant*.

SYLLABUS BY THE COURT.

1. DAMAGES—*Personal Injuries—Evidence—Admissibility*. In an action for damages for personal injuries against the administrator of the estate of one whose negligence caused the injury, it was not error for the court to sustain an objection to the question, "How much of an estate did the deceased leave?"

2. SAME—*Excessive Damages—Evidence.* The evidence considered, together with the amount of the verdict and judgment, and held not to require or justify a remittitur, following *Watson v. Parker Township*, 113 Kan. 130, 213 Pac. 1051.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SAR-GENT, judge. Opinion filed October 10, 1925. Affirmed.

1. Damages, 17 C. J. § 333.   2. Id., 17 C. J. § 436; Appeal and Error, 4 C. J. § 2847.

*J. Graham Campbell* and *Ray .Campbell,* both of Wichita, for the appellant.
*Robert L. Nesmith,* of Wichita, for the appellee.    .

The opinion of the court was delivered by

HOPKINS, J.:  The action was one to recover damages for personal injuries sustained in an automobile accident.  Plaintiff prevailed, and defendant appeals.

Clem Blackman, a boy twelve years old, was in the rear end of an automobile truck driven by his father at the time of the injury, July 4, 1923.  Clem was asleep in the car, which was parked on the south or right side of the Cannonball paved road, opposite a filling station, about nine miles west of Wichita.  The truck was run into from the rear by C. J. Honer, driving a Buick roadster.  Honer was killed in the accident, and Clem suffered severe injuries to his legs. Plaintiff recovered judgment for $3,500 against J. W. Honer, administrator of the deceased.  Honer was traveling thirty-five to forty miles per hour.  The evidence showed that the Blackman car had rear and front lights burning, was across the road from a lighted filling station, and that the Honer car had bright lights burning.  It appears that the. Honer car did not slow up or change its course to pass the truck, but ran directly into it; that the Blackman car was about half on and half off the slab of the pavement; that there was nothing to prevent the Honer car from passing safely.

At the time of the trial, almost a year later, the boy had deep cuts in his legs, leaving a gap in one place three-fourths of an inch wide.  These were observed by the jury.  The depressions were quite marked, the muscles being ground down to the bone.

Two questions are argued:  First, Should the administrator have been allowed to testify as to the value of the estate?  Second, Was the verdict excessive?

Defendant argues that in the ordinary case the party alleged to be guilty of negligence is in court, and his business, worth and standing can readily be ascertained in a number of ways.  In the instant case the only man who really knew how the accident happened was killed; that his administrator, the defendant, had no knowledge of the facts whatever; that the only possible way in which the jury could learn anything about C. J. Honer was from the evidence of his administrator as to the value of the estate.

The question asked was, "How much of an estate did he leave?" to which the trial court sustained an objection.  The question was not proper.  The only question for the jury, after finding liability,

Blackman v. Honer.

was the extent of the injuries and the damages sustained. Whether the estate had assets to pay the judgment was not material.

Was the verdict of $3,500 excessive?

In 17 C. J. 1088 it is said:

"The court should merely consider whether the verdict is fair and reasonable, and in the exercise of sound discretion, under all the circumstances of the case, and it will be so presumed unless the verdict is so excessive or outrageous with reference to those circumstances as to demonstrate that the jury have acted against the rules of law or have suffered their passions, prejudices or perverse disregard of justice to mislead them."

In *Holland v. Railroad Co.*, 112 Kan. 609, 212 Pac. 90, there was a verdict for $4,000. The injuries were a slight abrasion over the right eye, which was puffed and swollen, and a bruise on her shin the size of one's hand. In addition she complained of severe pains in the abdomen. There were no discolorations or scars on her body at the time of trial. The court said:

"The verdict for $4,000 seems at least to border on the excessive in view of the comparatively slight injuries. It was approved by the trial court and we are unable to see that it is so far excessive as to justify the court in ordering its reduction or in directing a new trial." (p. 615.)

In the instant case the injuries were severe and painful. They caused the plaintiff to be confined in the hospital a month and to return daily for another month to take further treatment, and left permanent deep cuts and disfigurement of his legs.

In *Watson v. Parker Township*, 113 Kan. 130, 213 Pac. 1051, it was said:

"It is only when the evidence will not support the sum allowed, or the sum itself is so large as to shock the conscience of this court, that we feel at liberty to order a remittitur or a new trial at the option of the plaintiff." (p. 136.)

In *Hardwick v. Railways Co.*, 114 Kan. 843, 220 Pac. 1043, there was judgment for $3,000 "for pain and suffering." The injured man testified he received "an awful jolt. It throwed me over and hurt my back. My back hurts as a result of the accident." He further said his back and kidneys were sore and painful. The court said:

"When we give full credence to plaintiff's testimony touching his pain and suffering, as we are bound to do, because the jury gave it such credence, the verdict and judgment are not so large as to produce such psychological reaction on the judicial conscience as to compel it to order a reduction or reversal." (p. 844.)

In our opinion the amount of the verdict in the instant case was not so large as to warrant the ordering of a remittitur or a new trial at the option of the plaintiff.

The judgment is affirmed.