No. 31,118.

Howard Wayne Carlisle, a Minor, by Vivian Carlisle, His Mother and Next Friend, *Appellee,* v. Union Public Service Company, *Appellant.*

(21 P. 2d 395.)

Opinion filed May 6, 1933. 

R. L. Hamilton, of Beloit, for the appellant.

D. M. McCarthy, of Mankato, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for personal injuries due to an explosion of natural gas. Judgment was for plaintiff. Defendant appeals.

Defendant is engaged in the business of distributing natural gas for domestic consumption at Jewell City, Kan. The gas is transported across the country under a pressure of from 180 pounds to 230 pounds to the square inch. The distributing company, which is the defendant here, reduces the pressure at the city gates to about 5 pounds to the square inch. Before the gas is piped into the various devices about the city it is necessary to further reduce the pressure to a few ounces to the square inch. This is done by an instrument called a regulator. This is a device shaped something like a saucer. It is always installed somewhere between the point where the service pipe is attached to the supply line and the burner tips. The method of installing it is that the service pipe is laid to the place where the regulator is to be located, and there a pipe is run up and connected onto one side of the regulator. From the other side of the regulator a pipe is then run down to the bottom of the trench and from there into the building. It will be seen that there were two pipes leading into the regulator, one carrying gas under a pressure of about five pounds to the square inch and the other carrying gas under a pressure of a few ounces to the square inch. This regulator supported on these two pipes was about eighteen inches to two feet above the ground.

The explosion in question occurred at the rear of a restaurant which was supplied with gas by defendant. The supply line in this case was laid in the alley at the rear of the restaurant. This restaurant building in question does not extend to the alley, but has a space in the rear about seventy feet long and about twenty-five feet wide. The buildings on each side extend to the alley. This alley is a busy one, and it was well known in the city that trucks frequently back into this vacant space to turn around and drive into it to deliver goods to the restaurant. In the rear of this vacant space and about 14 feet north of the southwest corner of it and about five feet from the alley line stood a building used as an outside toilet. This building had been erected over a pit dug in the ground. This toilet was used by the members of the restaurant keeper's family, his employees and customers.

The service line for the restaurant was attached to the supply line in the alley and laid in a trench just south of the toilet. The regulator was installed, as has been seen, about eighteen inches to two feet above the ground and just to the south and about a foot away from the toilet. About two weeks before the explosion, which is the basis of this action, a young lady started to use the toilet in question between 9 and 10 o'clock at night. Just before she entered the building she struck a match. An explosion occurred and the building caught fire. The fire department was called and succeeded in putting the fire out. An examination disclosed that the pipes leading into the regulator had been hit by a truck backing into it. This broke the connection on the alley side of the line and permitted gas to escape under a pressure of about five pounds to the square inch. The company was immediately notified of what had occurred, and two men were sent to the scene of the explosion. These men discovered what had happened and reported all the circumstances to the manager in charge of all operations and the superintendent of construction. The regulator was replaced in the same location in the same manner as it had been.

The record discloses that about two weeks after this explosion, and about two days before the injury sued on, the regulator was again hit by a truck and the connection broken on the side toward the alley.

The plaintiff was a minor and was visiting his uncle, who was operating the restaurant in question. About two weeks after the

fire just described, plaintiff, just about noon, retired to the toilet in question. While sitting on the seat there with his clothing partly removed he struck a match to light a cigarette. An explosion followed which wrecked the building and threw plaintiff through the closed door. He was burned from the hips to the lower ribs, his face and neck were burned, the flesh on the inside of his lips, his ears and his hands and arms to the elbow were burned.

This action followed. The petition described the situation about as it has been set out here. The negligence pleaded was the manner and place of installing the regulator. The answer of defendant was a general denial. The jury returned a verdict for plaintiff and answered a special question, as follows:

"Q. 2. If you find for the plaintiff then state of what the negligence of the defendant consisted. A. Regulator should have been moved, public nuisance."

Judgment was given accordingly.

The first point urged by defendant is that its motion for judgment on the pleading and opening statement should have been sustained. The argument is that it was admitted that the explosion occurred when plaintiff struck a match to light a cigarette. It is pointed out that it is against the law for a person in control of premises to permit a minor to smoke on premises controlled by him; that the smoking of the cigarette made plaintiff an accessory to the act of permitting the smoking, therefore the plaintiff was injured as the result of his own unlawful act and cannot recover. The trouble with that argument is that the record discloses that the uncle had told the boy not to smoke, and at the stage of the trial when the motion was made neither the pleadings nor the opening statement disclosed that the uncle even knew that the plaintiff smoked.

The other ground upon which defendant argues that the motion for judgment on the pleadings and opening statement should have been sustained is that they disclose that the alleged act of negligence was not the proximate cause of the injury.

The train of events is pointed out as follows: Placing the regulator, truck hitting regulator, gas escaping, match struck, injury. Defendant insists that the truck hitting the regulator was the proximate cause of the injury and that defendant had nothing to do with that. It argues that this act of the truck was an independent and inter-

vening cause from the act pleaded and found to be negligence, and that this excuses defendant from liability. But can this be said? The defendant was engaged in the business of transporting a highly dangerous and inflammable substance. Its duty was to so handle this substance as to protect the public from injury by an explosion. See *Luengene v. Power Co.*, 86 Kan. 866, 122 Pac. 1032; *Hashman v. Gas Co.*, 83 Kan. 328, 111 Pac. 468; *Carlson v. Development Co.*, 103 Kan. 464, 173 Pac. 910, and *House v. Wichita Gas Co.*, ante, p. 332, 20 P. 2d 479. Was this duty performed when the regulator was placed where it was placed and in the manner in which it was placed there?

Of course, if the truck had not hit the regulator this particular chain of events would not have occurred, but the event in the chain that involved a breach of duty was the placing of the regulator in a spot where it was a target for the trucks that used the alley and came into the area at the rear of the restaurant on business. In *Walmsley v. Telephone Association*, 102 Kan. 139, 169 Pac. 197, the court said:

"But the law does not say that if the particular injury arising from the negligence cannot be anticipated a recovery cannot be had. That some damage, some injury, would probably arise from the existing negligence, and that it could reasonably have been expected, is all that the law requires to justify a recovery." (p. 143.)

See, also, *Clark v. Powder Co.*, 94 Kan. 268, 146 Pac. 320.

After the explosion, which is the basis of this action, the regulator was moved to a point near the building where there is no danger of its being hit by a truck. It cannot be said that defendant exercised due care in handling its dangerous substance by again installing the regulator where it was first installed, when, by the simple act of moving it, the recurrence of such an event could have been prevented.

In this case the defendant should have anticipated the very event that is the basis of this action. It had seen the regulator hit by a truck. It had seen that this would break the joint so that gas would escape. It had seen that the gas would seep through the soil to the toilet seat. It had seen that persons approaching or using the toilet struck matches. That these events should have been anticipated by defendant may be said because its managing officers had seen them happen two weeks before at this very place and under identical circumstances. In *Early v. Burt*, 134 Kan. 445, 7 P. 2d 95, this court quotes with approval the rule laid down in Corpus Juris:

" 'It is well settled that the mere fact that other causes, conditions or agencies have intervened between the defendant's negligence and the injury for which recovery is sought is not sufficient in law to relieve defendant from liability. In other words, an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury.' (45 C. J. 926.)" (p. 452.)

In the syllabus to the opinion in the above case the court states the rule as follows:

"Where the prior or original negligence which produced the unsafe condition was the efficient cause of the injury, another and intervening cause will not generally relieve the defendant from liability." (¶ 4.)

From what has been said we have reached the conclusion that the placing of the regulator in the position and condition in which it was placed was negligence; that this negligence was the proximate cause of the injury sued on, and that it could have reasonably been anticipated by defendant that an injury would result.

Defendant argues that since the regulator was on the land of the consumer and a part of the service line, and since it was inspected and passed by the city inspector, defendant was not liable for an injury resulting from the location and manner of installing the regulator. Here again the defendant is met by the rule that a company engaged in the transportation and sale of natural gas is bound to exercise a high degree of care to protect life and property. It appears that the regulator was the property of defendant. Its use was necessary on account of the particular type of distribution system that was operated in the city. The first explosion required prompt action on the part of the defendant that would have prevented the injury. The fact that the condition that caused the injury was on the service line does not excuse defendant from its duty to exercise a high degree of care. See *Atkinson v. Wichita Gas Co.*, 136 Kan. 854, 18 P. 2d 127, and authorities there cited.

Defendant further complains of the admission of two bits of evidence which it claims should have been excluded. The first is testimony of the doctor who treated plaintiff. He was permitted to testify that plaintiff might have had tetanus, and later, that the burns might have caused stomach trouble or kidney trouble. Defendant argues that the admission of this testimony was error because it was speculation and not testimony of a fact. The defendant was not prejudiced by these questions and answers because the doctor testified a little later that none of these things had happened.

The other evidence, objection to which defendant urges should have been sustained, was with reference to a statement made by a person which plaintiff claimed to.be employed by defendant. The uncle of plaintiff was permitted to testify that after the injury a man who was an employee of defendant told him that the gas line was not in the proper place and was not properly fixed the first time and should not have been put in that way. Defendant argues that the statement was a declaration of an agent outside of his authority and not admissible against the employer. It is sought to bring the statement under the rule laid down in *Stecher v. Southwestern Bell Tel. Co.,* 132 Kan. 362, 295 Pac. 709. In that case the action was to recover for injuries alleged to have been caused by a defective lightning arrester on a telephone. The important question in that case and the question upon which there was very little evidence was the condition of the lightning arrester. The statement of the employee was, "It is a wonder something hadn't happened before. . . . There was something.missing." This constituted almost the only evidence as to the condition of the lightning arrester. The court held the admission of the statement to be error. Admitting for the moment that the statement of the workman was inadmissible to bind the defendant, still in view of the overwhelming evidence in this case on the point on which the statement was offered it cannot be said that the evidence was prejudicial.

Defendant argues that the court gave erroneous instructions. One of those complained of is instruction No. 7: In that instruction the court told the jury:

"Natural gas is a highly inflammable and explosive commodity and any corporation or individual or company which distributes the same is required to exert a degree of care in the handling or distribution of the same commensurate with the danger involved thereby, in order to prevent any injury resulting from the escape of such gas, and if the owner or distributor of said gas failed to use care and caution commensurate with the danger involved in its handling and distribution, such handler or distributor is liable for all the natural and probable consequences which flow from such breach of duty."

Defendant argues that this instruction is proper where the injury is the result of an explosion on a highway. or public place, but does not apply to the facts in this case. It would be hard to imagine a case where this instruction would apply more aptly than it did in this case in view of all the surrounding circumstances.

Plaintiff urges that the giving of instruction No. 8 was error. In that instruction the court told the jury:

"It is not necessary that you find from the evidence that the defendant could or should have anticipated the particular injury of which plaintiff complains, but it is sufficient if from the situation and location of the gas regulator and the pipes exposed, the defendant could reasonably have anticipated that some injury might result from its regulator having been placed in such position, if you further find that the defendant had notice or knew of said regulator being so placed."

This instruction was a proper one under the circumstances. See authorities already quoted on anticipating injury.

Defendant urges that the giving of instruction No. 9 was error. In that instruction the court told the jury that—

"If said regulator was negligently placed where it was placed, . . . the defendant would be liable for any injury to plaintiff that resulted from the negligent placing and maintaining of said gas regulator as a direct and proximate result of such negligence."

We see nothing wrong with this instruction. There are objections to other instructions, but it is not deemed necessary to discuss them further in this opinion. Suffice it to say that the instructions covered the law of the case fully and fairly, and counsel fails to point out any particular wherein the law was incorrectly stated.

The jury answered a special question as follows:

"1. If you find for the plaintiff, how much do you allow him for: (a) Pain and suffering? A. $4,000. (b) Permanent injuries? A. $1,000. (c) Doctor bill? A. $61.25. (d) Nurse bill? A. $80. (e) Board and room? A. $30. (f) Loss of time? A. $180."

Appellant filed a motion to set aside these answers as not being supported by any evidence. Special emphasis is placed on the award for permanent injuries. The court ordered a remittitur of $500 for this item and defendant urges that there was no evidence to support even this amount. The record discloses that plaintiff had a disfigured ear and a scar on the wrist and other scars as a result of this explosion. Under these circumstances, we are not prepared to say that evidence, which shows these disfiguring marks, does not sustain an award of $500 for permanent injuries. The rule is laid down in *Hardwick v. Railways Co.,* 114 Kan. 843, 220 Pac. 1043, where the court said:

"Of course rules for dealing with excessive verdicts are not altogether wanting; if on reading the record the conscience of the court is shocked at the verdict, a remittitur or reversal is ordered; but there is no uniform yardstick, nor hard and fast rule, by which the excessiveness of a verdict can be measured and determined as in ordinary mathematical calculations." (p. 845.)

We see nothing in the answers to any of the questions that is not sustained by substantial evidence or that shocks the conscience of the court.

The defendant argues that a new trial should have been granted largely on account of some pictures of the scene of the explosion that were offered to show the surroundings. Since the jury saw the scene it is hard to see why a new trial should have been granted in order to permit another jury to look at some pictures of the scene.

After a careful examination of the record we have reached the conclusion that there was no error committed by the trial court.

The judgment of the district court is affirmed.