WILLIAM SWEET v. THE UNION PACIFIC RAILROAD
COMPANY.

No. 12,809.    (70 Pac. 883.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Knowledge of Danger.* One who, knowing
all the danger and peril of pursuing a given course and being
under no compulsion to encounter the same, freely and voluntarily
continues therein, cannot recover damages for injuries he may
suffer.

Error from Graham district court; CHARLES W.
SMITH, judge. Opinion filed December 6, 1902. Af-
firmed.

*H. J. Harwi*, and *W. M. Roberts*, for plaintiff in error.

*N. H. Loomis*, *R. W. Blair*, and *H. A. Scandrett*, for
defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action for personal
injuries suffered by plaintiff in error, occasioned by his
falling from the platform of the railroad company's
depot at Bogue, Kan. Plaintiff was at the time, and
had been for more than three months, engaged in de-
livering the United States mail to the mail clerk on
the trains of the company. An east-bound mixed
train carrying a mail-car passed through Bogue
shortly after five o'clock A.M. It was plaintiff's custom
to sleep in the depot and get up in time to attend to
the mail delivery. He did this on the morning of Oc-
tober 24, 1899, and, lighting his lantern, passed out
on the platform. Occasionally the train, instead of
stopping so that the mail-car would be in front of the
platform, would pass beyond the east end of it. When
this was the case, plaintiff would wait until the en-

gineer had backed the train so that he could put the mail-sack aboard without getting off the platform. The morning in question was very dark and cloudy. The mail-car passed beyond the east end of the platform.   In response to the shout of the conductor to hurry and get the mail on, plaintiff set his lantern down about the middle of the platform and walked briskly to the east end.   As he approached where he supposed the end to be he slackened his pace, but, being mistaken as to where the end of the platform was, he stepped off the same, fell to the ground, a distance of about eighteen inches, and was injured.   The plaintiff was seventy-four years old and his eyesight was very poor.   The claimed negligence on the part of the company was that no light was furnished on the platform, and no steps or guard-rail maintained at the place where plaintiff fell off.

It appears clearly that plaintiff was fully advised as to the character and surroundings of the depot platform and the place where he fell of; that he had occasionally, in passing to and from the platform, got up and down at this place; that he knew no railing or steps were there, and no claim is made that the company had at any time maintained a light on the platform.   Plaintiff testified that, as he approached where he supposed the end of the platform to be, he slowed his pace somewhat to look for it, and being asked why he slowed his pace, replied: "Knowing that the end of the platform was there some place, and that it was a pretty big step down, and dangerous to step down without knowing where it was; I didn't intend to go any further than to the end. That was why I slowed up.   I got to the end without seeing it and fell off."

A demurrer to plaintiff's evidence was sustained by

the court below.   We think the court was correct in doing so, and this for two reasons : No negligence was shown on the part of the company, and plaintiff's own evidence showed affirmatively that his injury came to him because of his own careless and negligent acts.

It is true, a railroad company owes a duty to its passengers, and, perhaps, to all others who are there on proper business, to use ordinary care in constructing and maintaining platforms about its depots. It is not required to make it impossible for one to injure himself.   Such ordinary precautions must be used to prevent injury as suggest themselves to a reasonably prudent person.   It is within the common knowledge of every one at all familiar with such matters that neither steps nor guard-rails are provided at all points around depot platforms.   In the nature of things they could not be and the road be able to respond to the demands of the public on it.   No showing was made, or attempted, that a railing could have been provided at the point where plaintiff fell, consistent with the duty which the company owed to the public, or that, had steps been there, the accident would not have occurred ; indeed, it is obvious that steps would in no way have served to prevent the accident.

Further, it is beyond question that the plaintiff's own carelessness and negligence caused the injury. He well knew where the platform ended ; the distance it was raised from the ground ; that if he passed a certain distance to the east he would fall from the platform ; that no light was maintained ; that no guard-rail or steps were there ; that his eyesight was poor, and that he was closely approaching the place of danger.   It was his duty under all these

circumstances to approach the end of the platform with such caution as would insure his safety.   There is no claim that he was under the orders of the conductor, or that he was in any manner bound to respond to the urgent requests of the conductor to hurry up.   Indeed, he testified that on occasions theretofore when the mail-car had been carried beyond the platform, if he waited, the engineer would back up.   Again, he chose, knowing all the dangers of advancing, to set his lantern down and go forward in the dark.   Surely, one so reckless cannot recover compensation for calamities which he has pulled down upon himself.

"Where there is danger, and the peril is known, whoever encounters it voluntarily and unnecessarily cannot be regarded as exercising ordinary prudence, and therefore does so at his own risk." (*Corlett v. City of Leavenworth*, 27 Kan. 673.)

"Where the plaintiff's testimony shows that his own negligence contributed directly to the injury, he has failed to make out a *prima facie* right of recovery, and a demurrer interposed to this evidence should be sustained." (*Dewald v. K. C. Ft. S. & G. Rld. Co.*, 44 Kan. 586, 591, 24 Pac. 1101.)

The judgment of the trial court will be affirmed.

All the Justices concurring.