No. 25,401.

William Mettscher, *Appellee*, v. Ed French, *Appellant*.

SYLLABUS BY THE COURT.

Negligence—*Collision Between Automobile and Team and Wagon—Findings Sustained by Evidence.* A special finding that an accident was due entirely to the negligence and carelessness of the defendant and a verdict in accordance with that finding were sustained by evidence, and it was not error to refuse to set aside the finding and verdict and to refuse to grant a new trial.

Appeal from Stafford district court; Clyde R. Douglass, judge. Opinion filed July 5, 1924. Affirmed.

*D. A. Banta,* of Great Bend, for the appellant.
*Ray H. Beals,* of St. John, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages sustained by him when the defendant negligently drove his automobile into a team and wagon driven by the plaintiff. Judgment was rendered on the verdict for the plaintiff for $100, and the defendant appeals.

The evidence of the plaintiff tended to show that on the evening of October 7, 1922, he was driving his team and wagon east on a public highway when he saw the light of defendant's approaching car, which was coming from the east on the south side of the road; that the plaintiff kept on driving and drove his team as close to the ditch on the south or right side of the road as he could; that he called out several times and stopped the team when the car was about ten feet away, but that the car struck the horses and wagon and knocked the plaintiff out of the wagon and into the ditch; that the defendant had the dimmers on his car; and that there was fifteen feet between the north wheel of the wagon and the ditch on the north side of the road. The defendant testified that he had his dimmers on; that he did not see the team and wagon until they were forty feet away from him; that he immediately put on his emergency brake and stopped within five feet, but that the horses kept coming on and ran into his car; and that he was in the center of the traveled road when the collision occurred.

The jury returned answers to special questions as follows:

"1. How wide was the road from ditch to ditch at place of accident? A. From evidence introduced this road was approximately thirty feet wide from ditch to ditch.

"2. How wide was the road on which no grass or weeds grew—that is, the bare road—at place of accident? A. Thirteen feet.

"3. How wide a space on south side of bare road and between bare road and ditch was covered with grass and weeds? A. From six to eight feet.

"4. How wide a space on north side of bare road and between bare road and ditch was covered with grass and weeds? A. From six to eight feet.

"5. Was defendant's car on the bare road at the time of the accident? A. Yes, on the south side of bare road.

"6. Was plaintiff's team standing still or was it moving eastward at time of accident? A. Standing still.

"7. Did plaintiff attempt to stop his team until told by witness Dierking? A. Yes.

"8. Was plaintiff's team on the bare road at the time of the accident? A. Yes, on south side of bare road.

"9. Were the damages, the result of the accident, due entirely to the negligence and carelessness of the defendant Ed French? A. Yes."

The defendant contends "that the court erred in its refusal to set aside the special finding of facts and the verdict of the jury, and in refusing to grant to the appellant a new trial;" and to support the contention argues that the finding of the jury that the accident was "due entirely to the negligence and carelessness of the defendant" was not supported by the evidence. In his brief the defendant says that the plaintiff, "knowing that appellant was on the south side of the road and coming right straight at him, continued to hold that side of the road until within ten feet of appellant's car, when he stopped his team and waited, without any effort to get out of the way or to avoid the apparent danger, to culminate in injury."

In addition to the evidence already summarized, a witness testified:

"Went to the place of the accident the next morning and looked the situation over; saw some glass there on the south side of the road. Also saw the tracks of an automobile where it had backed up. They were from five to six feet north of the south ditch, about the same distance as the glass."

There was abundant testimony that the plaintiff was at the extreme right of the road when the accident occurred, and the defendant admitted he had his dimmers on and did not see the plaintiff's team and wagon until within forty feet. The question of negligence was submitted to the jury under instructions of which no complaint is made, and there was ample evidence to support the finding that the damages were "due entirely to the negligence and carelessness of the defendant."

The defendant cites *Sweet v. Railroad Co.*, 65 Kan. 812, and *Zinn v. Updegraff*, 113 Kan. 25, but those cases do not sustain the defendant in his contention.

The judgment is affirmed.