No. 28,583.

JOE BONESTEEL, *Appellant*, v. S. R. WHITE and C. W. BETH, Partners, as THE FORT SCOTT OIL COMPANY, *Appellees*.

(275 Pac. 163.)

Opinion filed March 9, 1929.

*Ernest E. Blincoe,* of Fort Scott, and *W. W. McCanles,* of Kansas City, Mo., for the appellant.

*C. E. Hulett* and *A. M. Keene,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal from the ruling of the trial court in striking out the amended reply as inconsistent with the original reply. The petition sets forth a cause of action under a common law liability for negligence of defendants. The answer sets up compromise, settlement and full release in writing, attaching the release as an exhibit. In the original reply the plaintiff alleged a mutual mistake of fact as to the terms and contents of settlement; that the settlement did not state the true agreement entered into between the parties, and set forth the agreement as the plaintiff had understood it; and asked to have the contract reformed or the release set aside and held for naught.

The omitted parts, as alleged by plaintiff, were limitations as to the extent of the release in the following language in two places, viz.: "Up until and including the 1st day of June, 1925"; and also the following sentence: "And thereafter such sum or sums as the parties

may mutually agree are due and may be due said party of the first part, providing he has not fully recovered from said injuries." The original reply also alleged—

"That he was suffering excruciating pain and agony, was under the influence of drugs and did not know and appreciate the contents of said release, and did not fully understand that a statement was being made and did not understand its terms."

The amended reply contained practically the same averments as the original, but added averments relative to the release having been obtained by false and fraudulent representations, and asked to have it set aside and held for naught.

With the original reply the plaintiff's petition, from a standpoint of pleading, was substantially the same as if in his petition, after referring fully to his injury, his continued disability therefrom, and the defendants' negligence and liability, had set out the agreement of settlement as it was and as it should be reformed, leaving open after June 1, 1925, only the questions of his continued disability and the amount he should receive per month therefor. This would most certainly be in effect an action upon the contract as reformed. The plaintiff recognizes the contract as such, says he executed it, and asks that it be reformed by the addition of the parts omitted by mutual mistake. Under such a contract it would not be necessary to establish negligence; the defendants, by having signed such instrument as plaintiff says it should be, could not be heard to deny their negligence. The only matters left for determination would be whether or not the plaintiff continued to be disabled, and if so how much he should receive when the parties failed to agree thereon.

"Where the parties have left an essential part of the agreement for future determination, it is no doubt correct to say that the contract is not completed. . . . The law does not favor, but leans against the destruction of contracts because of uncertainty. Therefore the courts will, if possible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained. Though there are some formal imperfections in a written contract, still it is sufficient if it contains matter which will enable the court to ascertain the terms and conditions on which the parties intended to bind themselves." (6 R. C. L. 643, 645.)

"A contract to support a person will not be held to be unenforceable simply because the amount to be paid is not fixed by the terms of the agreement." (6 R. C. L. 647.)

Appellant contends that he does not claim anything under the reformed contract, but does claim the contract when properly reformed will limit its extent as a release, and the contract will then,

by such limitation, cease to be a bar to his further recovery under the common law liability for continued disability. We do not here have to decide whether it will be an enforceable contract when reformed for further recovery on account of continued disability, but we can see no good reason why it should when reformed become enforceable as a release and not an enforceable contract for other purposes. Under the terms of the release as executed the plaintiff is effectively barred, and it is only by the additional terms of the proposed reformation that he has any rights whatever in courts as far as that feature of the case is concerned.

Appellant argues that by reason of the refusal of the defendants to enter into negotiations relative to the plaintiff's injuries and disability after June 1, 1925, as the reformed contract provides, the release is not an absolute bar to the maintenance of his common law action for such further disability. This itself, it appears to us, is an apparent breach of duty or obligation by the defendants to so refuse or fail to negotiate, and if so must be a violation of the contract.

We conclude that the original reply with the proposed reformation of the release pleaded by the defendants made the plaintiff's pleadings in effect an action upon contract, and therefore the amended reply, which alleged the release was obtained by false and fraudulent representations, is inconsistent with the original reply and was properly stricken out by the trial court.

Appellant does not controvert the theory that a pleading inconsistent with a former pleading cannot stand, but, as stated above, continuously and strenuously maintains that the proposed reformation of the release does not change his action into one on contract, and likens the reference to any contract in this case to the facts in the case of *McKim v. Carre*, 72 Kan. 461, 83 Pac. 1105, where a legal remedy was mistakenly supposed to exist and therefore was held not to be an election of remedies. In the original reply the plaintiff elected to affirm the release as proposed to be reformed, and in the amended reply he seeks to disaffirm it on account of fraud. A pleader cannot affirm and disaffirm a contract where it has to do with remedies and the election thereof. (*Pitt v. Keenan*, 124 Kan. 810, 262 Pac. 567; *Baltimore American Ins. Co. v. Zimmerman*, 127 Kan. 145, 272 Pac. 165.) We think the motion to strike the amended reply from the files was properly sustained.

The judgment is affirmed.