No. 36,198

HELEN COOPER, *Appellee*, v. THE SOUTHWESTERN BELL TELEPHONE COMPANY, *Appellant*.

(151 P. 2d 692)

Opinion filed September 30, 1944.

*W. F. Lilleston*, of Wichita, argued the cause, and *S. L. Harris* and *Arthur S. Brewster*, both of Kansas City, Mo., were on the briefs for the appellant.

*Robert C. Foulston, George Siefkin, Samuel E. Bartlett, George B. Powers* and *C. H. Morris*, all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment overruling defendant's demurrer to plaintiff's petition in an action for damages.

The pleaded facts were substantially these: Sometime prior to March 25, 1943, plaintiff entered the employment of some person who had a suite of rented office rooms in Wichita. Beside the desk where plaintiff was to work there was a slack telephone cord that dropped to the floor. Plaintiff at once objected to the location of the telephone cord for the reason that anyone working thereabout was in danger of tripping over it.

She alleged that she and her employer repeatedly called the office of the telephone company which had installed the telephone cord, asking that the telephone be moved. In response to such repeated requests she was advised that no one except certain employees of the defendant could move the telephone and that a man would be sent to correct its dangerous position, but no such person was sent and the position of the telephone and its slack cord remained unchanged.

It was further alleged that shortly prior to March 25, 1943, an employee of the telephone company whose business it was to relocate telephones was working in an adjoining office in the same

building; and that plaintiff and her employer took that employee into their office and asked him to move the telephone, and advised him that—

"They had served notice upon the company at numerous times and the company had failed and refused to correct the dangerous position. That said man then advised them that he could not move said phone without a 'work order' from the company and advised them to talk to some individual in the corporate defendant by the name of Knightly."

Plaintiff alleged that she and her employer called Mr. Knightly, but that the company refused to move the telephone or change its dangerous position although it knew of its existence.

It was further alleged that on March 25, 1943, plaintiff caught her foot and shoe in the telephone cord and was thrown to the floor, and thereby suffered severe injuries, which caused her much pain and suffering, besides doctor's bills and loss of time, for all of which she prayed judgment in damages against the telephone company.

Defendant demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action against the telephone company. That demurrer was overruled; hence this appeal.

It hardly needs to be stated that to subject the telephone company to liability for plaintiff's injuries, it must have owed some duty to her which it failed to perform—that it must have been culpably negligent in some way in respect to such duty. But the telephone company had no business or contractual relationship with plaintiff respecting the installing of its telephone service in the office where she worked. The telephone company was not bound to heed plaintiff's demand that the telephone and its cord be moved. The situation of the telephone and telephone cord had existed before she entered the employment of the tenant of that office. Since she did not like the telephone arrangement and realized the likelihood that the telephone cord was liable to trip people moving thereabout, she owed the duty to herself not to work at that desk unless the objectionable telephone arrangement were altered to suit her. Even if her own employer had been at fault in the maintenance of the telephone and its sagging cord, it is hornbook law that she could not recover against him when she was aware of the danger of tripping over it—unless her employer had promised to have the danger removed and that speedily. In going to work where the danger was, and being well aware of the danger, and having neither promise nor prospect that the danger would be removed, she would be held to have assumed the risk of the employment, and could not recover.

(*Walker v. Scott,* 67 Kan. 814, 64 Pac. 615 and citations; *Stark-weather v. Dunlap,* 103 Kan. 425, 173 Pac. 1122; *Lively v. Railway Co.,* 115 Kan. 784, 788-792, 225 Pac. 103.) Still more clearly, we think, does the rule of assumption of risk bar plaintiff's recovery against the telephone company which refused to move the telephone and telephone cord at her repeated request and demand. It owed her no special duty. The pertinent legal question is elementary and readily disposable, we think, under familiar precedents of this court. Thus in the early case of *Corlett v. City of Leavenworth,* 27 Kan. 673, where a plaintiff sought to subject the city to damages for injuries sustained when his wagon was upset on a street which was in an unsafe condition, it was shown that plaintiff was aware of the danger, and negligently failed to avoid it. He was therefore nonsuited, and on appeal the judgment was affirmed on the familiar rule of law often declared by this court, as in *Sweet v. Railroad Co.,* 65 Kan. 812, 70 Pac. 883, where it was said:

"One who, knowing all the danger and peril of pursuing a given course and being under no compulsion to encounter the same, freely and voluntarily continues therein, cannot recover damages for injuries he may suffer." (Syl.)

To sustain the ruling of the trial court, counsel for appellee cite cases like *Walmsley v. Telephone Association,* 102 Kan. 139, 169 Pac. 197; *Carlisle v. Union Public Ser. Co.,* 137 Kan. 636, 21 P. 2d 395; and *Worley v. Kansas Electric Power Co.,* 138 Kan. 69, 23 P. 2d 494. In the Walmsley case, defendant's telephone wire had been strung across a public highway at a height so low as to cause an accident. The telephone company owed a general duty to all persons using the highway to string its wires at such a height that accidents to persons using the highway would not occur. In the Carlisle case, the defendant gas company had negligently placed its "regulator" so close to a public driveway that it was occasionally hit by a passing vehicle. This caused a leak of gas which was accidently set on fire by the plaintiff and caused injuries to him. In the Worley case defendant's electric power lines were strung along a country roadside so low that a farm servant was electrocuted when working on a silo underneath defendant's electric wires. It is difficult to discern even a remote analogy between such cases and the one at bar. In each of those cases defendant owed a duty to operate and maintain its corporate facilities in such fashion that accidents and injuries to the general public would not occur. In each of those cases the person injured had no knowledge or notice of the danger which eventuated in his injury. In the instant case, plaintiff was keenly aware of the

danger of tripping over the telephone wire, even if it be assumed that it had been negligently placed by the telephone company at the location to which plaintiff objected from the inception of her employment.

Other cases cited by appellee to justify the trial court's ruling on defendant's demurrer have been examined. We think them all too remote and wanting in analogy to merit discussion.

The judgment is reversed and the cause remanded with instructions to enter judgment for defendant.