S. E. WEBER, *Appellee*, v. THE WICHITA WATER
COMPANY, *Appellant*.

No. 18,027.

HEADNOTE BY THE REPORTER.

MASTER AND SERVANT—*Nondelegable Duty of Master—Negligence—Evidence.* A nondelegable duty which a master owes to his servant is to adopt reasonably safe methods of doing the work required of the servant; and not only to provide a sufficient number of coservants, but to furnish reasonably careful coservants, and the evidence was sufficient to support the findings that this duty was not performed by the master.

Appeal from Sedgwick district court, division No. 1. Opinion filed March 8, 1913. Affirmed.

*David Smyth,* and *J. W. Smyth,* both of Wichita, for the appellant.

*A. V. Roberts,* of Wichita, for the appellee; *W. D. Jochems,* of Wichita, of counsel.

*Per Curiam:* Appellee recovered damages for personal injuries sustained while removing a casing or pipe with a cylinder point attached from an abandoned well. The grounds upon which a recovery was asked was that appellant did not adopt or provide a safe method of work nor furnish a sufficient number of men to do the work, and that the men provided were not reasonably careful and competent coworkers, and that it did not provide a reasonably safe place at which to work. There was testimony offered that appellee had only worked for appellant a very brief time, had never before lifted such a casing, and that appellant had never moved a casing with a sucker point attached with less than eight or nine men, but had used rollers in moving heavy casings of this kind. Appellee and five others were directed to carry a casing with a sucker point attached which weighed about eight hundred pounds. The point was perforated and partly

filled with sand. It lay near the well in a narrow
furrow through sand which had been thrown from the
well, and hence those lifting the casing did not have a
firm or safe footing, but had to place one foot on the
bottom of the furrow and the other against the sloping
wall of sand. There were only three men at each end
of the casing. Appellee, Terrell and Peterson· lifted
one end, and Peterson let go of his hold, throwing the
whole weight of that end upon appellee and Terrell,
causing a rupture and a severe injury to the abdomen
of appellee.

It is contended that the evidence did not support the
verdict. There is testimony though, tending to show
that the appellant did not adopt a reasonably safe
method of doing the work, and this is a nondelegable
duty of the master, the neglect of which imposes a lia-
bility for a resulting injury. (*Carillo v. Construction
Co.*, 81 Kan. 823, 106 Pac. 1050.) There was testi-
mony also that a sufficient number of men were not
employed to do the work, and one of those employed
who was working with appellee was not a reasonably
careful coservant. The master owes to the servant the
duty to take reasonable precaution to protect him from
injury, and a nondelegable duty of the master is not
only to provide a sufficient number of coservants, but
to furnish him with reasonably careful coservants.
(*Schwarzschild v. Weeks*, 72 Kan. 190, 83 Pac. 406,
4 L. R. A., n. s., 515; *Railway Co. v. Loosley*, 76 Kan.
103, 90 Pac. 990.)

It appears that Peterson was a shirking and incom-
petent workman, and while the testimony showing that
his negligence and incompetency was brought to the
attention of appellant is rather meager, the jury has
found that appellant not only should have known of his
incompetency, but that it had actual knowledge that
he was a careless and incompetent coservant, and it can
not be said that the finding is without support.

8—89 KAN.

The objections to the instructions are not substantial, and in view of the testimony and findings it can not be held that the amount of the damages awarded is erroneously excessive.

The judgment is affirmed.