**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

**and**

**Linda Lee, Plaintiff–Intervenor,**

**v.**

**GENERAL MOTORS CORPORATION, Defendant.**

**Civ. A. No. 87–2271–S.**

United States District Court, D. Kansas.

May 16, 1989.

Charles Shanor, General Counsel, and Philip B. Sklover, Assoc. Gen. Counsel, E.E.O.C., Washington, D.C., James R. Neely, Jr., Regional Atty., Donna L. Harper, Sr. Trial Atty., and C. Felix Miller, Trial Atty., E.E.O.C., St. Louis, Mo., for plaintiff.

John J. Yates, Rosalee M. McNamara and Paul Scott Kelly, Jr., Gage & Tucker, Kansas City, Mo., Stephen A. Murphy, Gage & Tucker, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for partial summary judgment. Defendant asks this court to grant summary judgment in its favor on counts III, IV and V of plaintiff-intervenor Linda Lee's ("Lee") complaint. Lee is an employee of defendant General Motors Corporation ("GM"), and her claims in counts III, IV and V for negligence and intentional infliction of emotional distress against GM arise out of a series of alleged incidents of sexual harassment.*

The uncontroverted facts for purposes of this motion are as follows. During a period from July or August 1984 through January 1985, Lee complained to her supervisor at GM that a co-worker, Henry Beasley ("Beasley"), was verbally harassing her and making sexual advances toward her. After several attempts at conferring with Lee and Beasley, officials at GM transferred Lee to a different work shift at the plant so that Beasley and Lee would not work together. Lee suffered no further harassment from Beasley. However, in August 1985, GM transferred Lee back to the same shift on which Beasley worked. However, Lee was on medical leave at that time. When she returned to work on November 4, 1985, GM asked Lee to work on the same shift as Beasley.

Lee filed her complaint in this cause on October 16, 1987, after first requesting leave of this court to intervene in the case on July 17, 1987.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

■ GM first contends that Lee's claims are barred by the applicable statute of limitation. K.S.A. 60–513(a)(4) provides that actions for negligence and for intentional torts, such an intentional infliction of emotional stress, are governed by a two year statute of limitations. Generally, a cause of action for negligence or for an intentional tort accrues when the injury occurs. *Roe v. Diefendorf*, 236 Kan. 218, 222, 689 P.2d 855, 859 (1984). Courts will look to the point at which plaintiff knew of the fact of injury, rather than the extent of the injury, to determine when an injury occurs for purposes of the statute of limitations. *Id.* An exception to this general rule can be found at K.S.A. 60–513(b), which allows that "[i]f the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury

---

* Lee also states a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendant's present motion does not address Lee's Title VII claim.

becomes reasonably ascertainable to the injured party."

Each of the acts of sexual harassment by Beasley in this case occurred more than two years before this action was filed; Beasley's alleged harassment ceased in January 1985, and Lee did not file her complaint until October 1987. At the time those alleged acts of harassment occurred, Lee necessarily knew of the fact of her alleged injury. Thus her cause of action arising out of Beasley's wrongful acts accrued at that time and her complaint was filed out of time. Lee argues that her injury was not fully realized until she allegedly suffered severe emotional distress upon being asked to return to work on Beasley's shift. This occurred in November 1985. She argues that for this reason her cause of action regarding Beasley's conduct did not accrue until November 1985. However, this is the exact argument rejected repeatedly by the Supreme Court in cases such as *Roe.* To the extent Lee contends in counts III through V that GM is liable to her for Beasley's actions, plaintiff-intervenor's claims are untimely, and summary judgment will be granted in favor of GM.

■ Lee also contends in her complaint, though, that GM is liable to her for their actions in requiring her to return to the same shift on which Beasley worked. This incident allegedly occurred in November 1985. Since Lee filed her complaint in October 1987, the claims arising out of GM's request that she return to work with Beasley are timely filed. Thus, the court will proceed to address GM's substantive arguments for summary judgment in its favor on counts III through V.

■ In count III of her complaint, Lee alleges that GM breached its common law duty to provide to her a safe work place. She alleges that Kansas common law imposes upon an employer a duty "[t]o provide a place to work free of sexual assault, harassment, intimidations and advances of a verbal and physical nature," *see* Lee's Complaint ¶ 33, and that GM breached this duty by requiring her to return to work with Beasley.

It appears from the relevant case law that the traditional application of the employer's common law duty to provide a safe work place was intended to protect employees from unsafe work places where they could suffer physical injury. At common law, the employer had a limited tort liability to its employees. *See, e.g.,* W. Prosser & W. Keeton, *Law of Torts,* 568 (5th ed. 1984). Kansas case law exhibits a general concern for the physical safety of employees. *See, e.g., Taylor v. Hostetler,* 186 Kan. 788, 796, 352 P.2d 1042, 1046 (1960); *Weber v. Wichita Water Co.,* 89 Kan. 112, 113, 130 P. 661 (1913); *Schwarzschild v. Weeks,* 72 Kan. 190, 194, 83 P. 406 (1905). Lee's alleged injuries here were purely psychological. Generally, Kansas law does not allow recovery for emotional distress caused by negligence absent some bodily injury. *Hoard v. Shawnee Mission Medical Center,* 233 Kan. 267, 274, 662 P.2d 1214, 1219–20 (1983) (Kansas does not recognize the tort of negligent infliction of emotional distress absent bodily injury). This court is not at liberty to arbitrarily expand the common law of this state beyond those boundaries set by the Kansas Supreme Court. Since no authority exists to establish a cause of action for failure to provide a safe work place arising out of incidents of sexual harassment on the job, the court has no choice but to grant summary judgment in favor of GM on count III of Lee's complaint.

■ Finally, GM asks for summary judgment on counts IV and V of Lee's complaint. Lee admits that both counts set out only one cause of action for intentional infliction of emotional distress. GM asks for summary judgment because it contends that as a matter of law, its conduct could not be termed "extreme and outrageous." Kansas law requires that before a claim for intentional infliction of emotional distress may be submitted to a jury, the court must determine defendant's conduct could reasonably be regarded as so extreme and outrageous as to permit recovery. *Roberts v. Saylor,* 230 Kan. 289, 292–93, 637 P.2d 1175, 1180 (1981). The tort of intentional infliction of emotional distress is not a fa-

vored cause of action under Kansas law. Kansas courts have imposed stringent requirements of proof upon plaintiffs in such cases. Only the most extreme and outrageous of conduct will give rise to a cause of action. *Id.*

> [L]iability may be found only in those cases where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. [L]iability may be found to exist generally in a case when the recitation of facts to an average citizen would arouse resentment against the actor, and lead that citizen to spontaneously exclaim, "Outrageous!".

The required showing is so stringent that the Kansas Supreme Court has failed to find outrageous conduct since it first recognized the cause of action in *Dawson v. Associates Fin. Servs. Co.*, 215 Kan. 814, 822, 529 P.2d 104, 111 (1974). The facts in other cases considered by the Kansas Supreme Court have been much more extreme than those in Lee's case. *See Burgess v. Perdue*, 239 Kan. 473, 476, 721 P.2d 239, 242–43 (1986) (summary of cases in which the Kansas Supreme Court has addressed the tort of intentional infliction of emotional distress and refused to find extreme and outrageous conduct).

While the court certainly does not wish to diminish the severe psychological trauma which Lee contends she suffered as a result of these alleged incidences, there is simply no support in past Kansas Supreme Court cases to find that GM's request that she return to work with Beasley was so extreme and outrageous as to give rise to a cause of action for intentional infliction of emotional distress. For this reason and for the reasons stated earlier, the court will grant defendant's motion for partial summary judgment as to counts III, IV and V of plaintiff-intervenor's complaint.

IT IS BY THE COURT THEREFORE ORDERED that defendant General Motors Corporation's motion for partial summary judgment as to counts III, IV and V of plaintiff-intervenor's complaint is granted.